IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CHARLES KOEHLER,<br>      Petitioner,<br><br>      v.<br><br>JEFFREY BEARD, et al.,<br>      Respondents. | C.A. No. 08-156 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [Document # 7] be granted, that the Petition for Writ of Habeas Corpus be dismissed as untimely, and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

This is a petition for writ of habeas corpus filed by a state prisoner incarcerated at the State Correctional Institution at Cresson, Pennsylvania, where he is serving a sentence of 9 to 20 years of imprisonment, as a result of being found guilty of one count each of Robbery (18 Pa.C.S. § 3701) and Criminal Conspiracy (18 Pa.C.S. § 903). (Petition at ¶¶ 3-5). The sentence was imposed by the Erie County Court of Common Pleas on December 6, 1990. (Id. at ¶¶ 1-2). Petitioner filed a direct appeal of his conviction to the Pennsylvania Superior Court, which affirmed the conviction on April 3, 1992. (Id. at ¶¶ 9(a) - (d)). Petitioner subsequently appealed to the Pennsylvania Supreme Court, but his petition for allocatur was denied on June 7, 1993. (Id. at ¶¶ 9(g)).

On April 13, 1995, Petitioner filed his first petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA petition"), claiming ineffective assistance of both trial and appellate counsel. This petition was dismissed without a hearing on September 5, 1995. (Id. at ¶ 11(a)). A second PCRA petition was filed by Petitioner on January 10, 1997, again claiming ineffective

assistance of both trial and appellate counsel. This second petition was dismissed without hearing on March 3, 1997. (Id. at ¶ 11(b)).

On May 29, 2007, Petitioner filed a third PCRA petition claiming a due process violation resulting from the Pennsylvania Supreme Court's decision in Commonwealth v. Dickson, 918 A.2d 95 (Pa. 2007), which overruled Pennsylvania Superior Court precedent upon which his statutorily-mandated minimum sentence was based. This petition was dismissed as untimely on July 23, 2007. (Petition at ¶ 11(c)).

The instant Petition was filed by Petitioner on May 21, 2008, and raises the same argument that was presented in his third PCRA petition. In particular, Petitioner argues that, when issued, his sentence included a "mandatory" minimum sentence of five years under 42 Pa.C.S. § 9712, which provides, in pertinent part, as follows:

>   (a)    **Mandatory sentence.–** ... any person who is convicted in any court of this Commonwealth of a crime of violence ..., shall, if the person visibly possessed a firearm or a replica of a firearm ... during the commission of the offense, be sentenced to a minimum sentence of at least five years or total confinement....

42 Pa.C.S. § 9712(a). Petitioner claims that he was an unarmed accomplice of a violent criminal who possessed a firearm, yet "[s]aid statute, at the time of Petitioner's sentencing, had been construed by the Pa. Superior Court to apply to unarmed accomplices of cohorts who visibly brandished a firearm during the commission of a crime of violence." (Petition at ¶ 12(a)). However, on March 29, 2007, the Pennsylvania Supreme Court in Dickson overturned "two decades" of Pennsylvania Superior Court decisions and determined that the mandatory minimum sentence under 42 Pa.C.S. § 9712 only applies to criminals who visibly possess a firearm during the commission of a violent crime, not to unarmed co-conspirators, such as Petitioner in this case. Accordingly, Petitioner claims that "he is denied due process by the fact he was sentenced 20 years ago pursuant to a statute which has recently been held not to apply to him and has no remedy for relief under Pennsylvania law." (Petition at ¶ 12(a)).

In response, Respondents have filed a motion to dismiss arguing that Petitioner's habeas petition was filed well beyond the expiration of the applicable one-year statute of limitations. [Document # 7]. Petitioner has filed a response to Respondents' motion, arguing that "the claim

presented instantly could not have been presented to this or any court prior to the Pennsylvania Supreme Court's decision in Dickson, supra," and, thus, his Petition is timely under the exception to the one-year limitation period provided by 28 U.S.C.A. § 2255(d)(1)(D). This matter is now ripe for consideration.

### B.  **Statute of Limitations.**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

>   (d)   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2255(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2255(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of

3

triggering the one-year period under section §2255(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2255(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the record reflects that Petitioner's judgment of sentence became final on September 5, 1993, which is the latest date on which Petitioner could have sought direct review. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). As a result, the one year statute of limitations expired on September 5, 1994.[1]

Petitioner's federal habeas petition is dated May 16, 2008, over 11 years 8 months after the limitations period expired. Thus, it is clearly not timely under 28 U.S.C. § 2255(d)(1)(A). Petitioner does not claim that there was any State-created impediment to filing a timely habeas petition, or that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(d)(1)(B-C). Moreover, there is no indication that the doctrine of equitable tolling should be applied here.[2] Instead, Petitioner argues that his habeas claim falls within the statutory exception provided by 28 U.S.C. § 2255(d)(1)(D), which states that "[t]he limitation period shall run from the latest of - ...

---

[1] Because Petitioner's first PCRA petition was not filed until April 13, 2005, more than one year after the judgment of sentence became final, it had no tolling effect on the limitations period.

[2] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

4

[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (See Document # 10, Petitioner's Response, at ¶ 6). Based on this provision, Petitioner contends that the facts supporting his claim were not discovered by him until he received the Dickson decision on May 20, 2007, and, thus, the limitations period for filing a habeas petition did not begin to run until then. (Petition at ¶ 12(a)). This contention is without merit.

Although there is no Third Circuit authority directly on point, other Circuits faced with similar arguments have refused to expand the exception provided by 28 U.S.C. § 2255(d)(1)(D) in the manner sought by Petitioner in this case. For instance, in Shannon v. Newland, 410 F.3d 1083 (9th Cir. 2005), the Ninth Circuit Court considered a factual scenario similar to the present case. In Shannon, the petitioner was convicted of murder after the jury was given instructions defining the lesser offense of voluntary manslaughter as requiring an intent to kill. On appeal, the petitioner argued that the jury instructions were erroneous because, by defining voluntary manslaughter as requiring an intent to kill, the jury was dissuaded from finding him guilty of the lesser offense of manslaughter even if he was successful in arguing that the killing was done in a "heat of passion." The California Court of Appeals rejected the appeal, holding that it was bound by prior decisions of the California Supreme Court that included intent to kill as an element of voluntary manslaughter. The California Supreme Court denied review on October 17, 1996, and the petitioner's conviction became final for habeas purposes on January 17, 1997. As a result, the federal habeas statute of limitations expired on January 17, 1998. Shannon, 410 F.3d at 1085-86.

In June 2000, the California Supreme Court issued a decision holding that the standard voluntary manslaughter instruction under California law was indeed incorrect because actual intent to kill is not an element of the crime. Based on this decision, the petitioner in Shannon ultimately filed a habeas petition in the United States District Court for the Northern District of California on August 27, 2001, arguing that the erroneous jury instruction used at his trial violated his due process rights. Although the petitioner acknowledged that his habeas petition was untimely, he argued, *inter alia*, that the recent California Supreme Court decision triggered a new one-year statute of

5

limitations under 28 U.S.C. § 2244(d)(1)(D)[3] by supplying the "factual predicate" for his federal constitutional claim. Shannon, 410 F.3d at 1088. The district court denied the petition as untimely, but the Ninth Circuit Court granted a certificate of appealability. After considering the petitioner's argument at length, the Ninth Circuit concluded that "a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim." Id. at 1089. The Ninth Circuit then went on to explain that:

> ... the construction of § 2244(d)(1)(D) that [petitioner] urges would create a large loophole in AEDPA's scheme to promote finality. Whenever, a state court announced a new interpretation or clarification of state law, that announcement would constitute the 'factual predicate' for a federal habeas claim seeking to enforce the new ruling retroactively. But nothing in AEDPA suggests that it was meant to take away state courts' ability to handle as they see fit the always-thorny problem of the retroactivity of changes in substantive law.

Id.

The Seventh Circuit in Lo v. Endicott, 506 F.3d 572 (7th Cir. 2007) dealt with facts substantially similar to those presented in Shannon. In Lo, the petitioner was convicted in Wisconsin of attempted murder and reckless endangerment. At his trial, the petitioner asserted self defense, and the jury was given standard jury instructions regarding the same. Several years later, the Wisconsin Supreme Court issued a decision modifying the substantive law of self-defense and invalidated certain jury instructions, including an instruction given at the petitioner's trial. Based on this decision, the petitioner filed a federal habeas petition with the United States District Court for the Eastern District of Wisconsin, arguing that the trial court issued improper jury instructions in violation of his due process rights. The district court denied the habeas petition as untimely. Lo, 506 F.3d at 573-74.

On appeal to the Seventh Circuit Court, the petitioner argued, *inter alia*, that the recent Wisconsin Supreme Court decision was a "factual predicate" giving rise to a new one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit Court concluded

---

[3] 28 U.S.C. § 2244(d)(1)(D) is identical to 28 U.S.C. § 2255(d)(1)(D).

that the Wisconsin Supreme Court's clarification of law did not constitute a "factual predicate" within the meaning of § 2244(d)(1)(D), finding that:

> ... adopting [the petitioner's] argument would render the limitations in § 2244(d)(1)(C) meaningless. Section 2244(d)(1)(C), the primary vehicle through which court decisions restart the limitations period, provides that the decision must involve a constitutional right recognized by the Supreme Court, and that the Court must make the right retroactively applicable to cases on collateral review. To suggest, as [petitioner] does, that any decision by any court on any issue could constitute a 'factual predicate' would swallow up the specifically delineated limitations in § 2244(d)(1)(C).

Lo at 575-76.

As the Seventh and Ninth Circuit Courts found in Lo and Shannon, above, adopting Petitioner's argument that the Pennsylvania Supreme Court's recent decision in Dickson is a "factual predicate" giving rise to a new one-year statute of limitations under § 2255(d)(1)(D) would emasculate AEDPA's scheme to promote finality, and would render the targeted exception set forth in § 2255(d)(1)(C) meaningless. "Nothing in AEDPA suggests that it was meant to take away state courts' ability to handle as they see fit the always-thorny problem of the retroactivity of changes in substantive law." Shannon, 410 F.3d at 1089. Accordingly, this Court finds that the exception provided by 28 U.S.C. § 2255(d)(1)(D) does not apply to extend the limitations period in this case, and Petitioner's habeas petition should be dismissed as untimely.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [Document # 7] be granted, that the instant petition for writ of habeas corpus be dismissed as untimely, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver

of any appellate rights.  See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            Chief United States Magistrate Judge

Dated: January 30, 2009

cc:     The Honorable Sean J. McLaughlin
        United States District Judge